# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN VINCENT,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CALIFORNIA CITY and DOES 1-400, inclusive,<br><br>Defendants. | 1:18-cv-00549-LJO-JLT<br><br>MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS (ECF No. 4) |

## I. PRELIMINARY STATEMENT TO PARTIES AND COUNSEL

Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. Given the shortage of district judges and staff, this Court addresses only the arguments, evidence, and matters necessary to reach the decision in this order. The parties and counsel are encouraged to contact the offices of United States Senators Feinstein and Harris to address this Court's inability to accommodate the parties and this action. The parties are required to reconsider consent to conduct all further proceedings before a Magistrate Judge, whose schedules are far more realistic and accommodating to parties than that of U.S. Chief District Judge Lawrence J. O'Neill, who must prioritize criminal and older civil cases.

Civil trials set before Chief Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Chief Judge O'Neill is unavailable on the original date set for trial. Moreover, this Court's Fresno

Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout the Nation to serve as visiting judges. In the absence of Magistrate Judge consent, this action is subject to reassignment to a U.S. District Judge from inside or outside the Eastern District of California.

## II. <u>INTRODUCTION</u>

This matter concerns claims arising out of Plaintiff's employment and termination as Fire Chief of the City of California City ("Defendant" or "the City"). On May 23, 2018, Defendant filed a motion to dismiss Plaintiff's claims based on 42 U.S.C. § 1983 for deprivation of due process and on the California Firefighters Bill of Rights, Govt. Code § 3250 *et seq*. ECF No. 4. Plaintiff filed an opposition on June 1, 2018, ECF No. 6, and Defendant filed a reply on June 21, 2018, ECF No. 8. The Court determined that this matter was suitable for decision on the papers under Local Rule 230(g), and the matter was taken under submission on June 22, 2018. ECF No. 9.

## III. <u>BACKGROUND</u>

The following facts are drawn from Plaintiff's complaint, and are accepted as true only for the purposes of ruling on this motion to dismiss. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Plaintiff, who is African-American, was hired as Fire Chief of the City of California City on May 2, 2017. ECF No. 1 ¶¶ 1,8. As Fire Chief, Plaintiff served as the City's fire code official and was responsible for fire service operations and administration, as well as working with businesses seeking marijuana growing facility permits. *Id*. at ¶¶ 9-11. Plaintiff was pressured by city officials to grant permits to marijuana growing businesses, and was offered, but refused, bribes from the businesses. *Id*. at ¶¶ 12-13. Plaintiff reported the pressure and attempted bribery to the City's human resources department, which did not document or investigate the reports. *Id*. at ¶¶14-15.

At a July 25, 2017, City Council meeting, Plaintiff presented a marijuana impact report that outlined fire and safety dangers associated with the marijuana industry. *Id*. at ¶ 16. The report included recommendations for training, personnel, and resources. *Id*. Mayor Jennifer Wood and members of the council stated concerns that the recommendations would be too costly, and Public Works Director Craig

2

Platt said that Plaintiff was going to kill the town. *Id*. at ¶¶ 17-18. Plaintiff was thereafter subjected to threats, insults, and retaliation by city officials and marijuana business owners. *Id*. at ¶¶ 19, 20, 22, 25.

Plaintiff reported these threats and incidents to human resources, but the threats were not documented or investigated. *Id*. at ¶¶ 20-21, 23, 26. Plaintiff specifically told a human resources staff member that he believed he was being treated unfairly, that the unfair treatment could be due to his race, and that many people believed a rumor that Mayor Wood was having an affair with a police lieutenant and that it was impacting her decisions regarding city personnel. *Id*. at ¶ 24. In October 2017, Plaintiff attempted to terminate a fire code enforcement officer who had conducted unauthorized searches using a restricted background search account, and was initially obstructed by the assistant city manager. *Id*. at ¶¶ 27-30.

On November 21, 2017, Plaintiff received a performance evaluation from City Manager Tom Weil, who indicated that Plaintiff "exceeds expectations" in all categories. *Id*. at ¶ 31. Mr. Weil praised the performance of Plaintiff's team, and emphasized that Plaintiff should be cooperative in working with the developing marijuana industry. *Id*. at ¶¶ 31-32. Mr. Weil retired on November 28, 2017, and was replaced by Interim City Manager Robert Stockwell. *Id*. at ¶ 33. At a meeting with Plaintiff in December 2017, Mr. Stockwell emphasized the need for the city to facilitate marijuana businesses operations, and said that he did not believe that marijuana growing operations should be required to install sprinkler systems. *Id*. at ¶¶ 35-36. An investigation of Plaintiff began on December 15, 2017. *Id*. at ¶¶ 38-39.

Plaintiff participated in a raid on an illegal marijuana growing operation on December 18, 2017, and was terminated by Mr. Stockwell later that day without explanation. *Id*. at ¶¶ 40-41. Plaintiff met with Mr. Stockwell on January 7, 2018, and Mr. Stockwell refused to explain the reasons for Plaintiff's termination and refused to reinstate Plaintiff. *Id.* at ¶¶ 43-44.

Plaintiff brings claims related to his termination as Fire Chief by the City under five causes of action: (1) retaliation under California Labor Code § 1102.5; (2) violation of Plaintiff's Fourteenth Amendment due process rights under 42 U.S.C. § 1983; (3) retaliation contrary to Plaintiff's First

Amendment rights under 42 U.S.C. § 1983; (4) violation of the Firefighter's Bill of Rights, Cal. Gov't Code § 3254; and (5) retaliation in violation of California's Fair Employment and Housing Act, Cal. Gov't Code § 12940. ECF No. 1 ¶¶ 45-88. Defendant brings this motion to dismiss Plaintiff's second and fourth causes of action. ECF No. 4 at 2.

## IV. <u>LEGAL STANDARD</u>

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the opposing party's pleadings. Dismissal of an action under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the pleading party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The inquiry is generally limited to the allegations made in the complaint. *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To overcome a Rule 12(b)(6) challenge, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim is one which provides more than "a sheer possibility that a defendant has acted unlawfully." *Id*. A claim which is possible, but which is not supported by enough facts to "nudge [it] across the line from conceivable to plausible . . . must be dismissed." *Twombly*, 550 U.S. at 570.

A complaint facing a Rule 12(b)(6) challenge "does not need detailed factual allegations [but] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and

conclusions, and a formulaic recitation of the element of a cause of action will not do." *Id.* at 555 (internal citations omitted). In essence, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562. To the extent that any defect in the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend, unless the pleading "could not possibly be cured by the allegation of other facts. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

## V. <u>ANALYSIS</u>

### A. <u>Judicial Notice</u>

Defendant requests that the Court take judicial notice of three documents that are relevant to its motion: (1) the City of California City Code of Ordinances, § 2-4.103; (2) the City of California City Code of Ordinances § 2-4.202; and (3) the California Fire Code § 102.11 (2016). ECF No. 4-1 at 2. Plaintiff requests judicial notice of seven documents: (1) The City of California City Municipal Code § 2-3.103; (2) selected sections of the City of California City's Personnel Rules; (3) a City of California City Council meeting agenda dated September 26, 2017; (4) The City of California City Municipal Code § 4-1.101; (5) Division II of the 2016 California Fire Code of Regulations, Title 23, Part 9-Administration; (6) the 2016 California Fire Code of Regulations, Title 23, Part 9, Preface synopsis, p. xvi; and (7) Division I of the 2016 California Fire Code of Regulations, Title 24, Part 9-California Administration. ECF No. 6-1 at 3. Neither request is opposed.

A court may "take judicial notice of matters of public record outside the pleadings" on a motion to dismiss. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). A fact may be subject to judicial notice if it is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). If a court does elect to take judicial notice of matters outside the pleadings, the parties are entitled to receive notice of the court's intention

and an opportunity to be "heard on the propriety of taking judicial notice and the nature of the fact to be noticed." Fed. R. Evid. 201(e).

Municipal ordinances are proper subjects of judicial notice because they are not subject to reasonable dispute. *Tollis, Inc. v. Cty. of San Diego*, 505 F.3d 935, 938 n.1 (9th Cir. 2007) ("Municipal ordinances are proper subjects for judicial notice"); *Engine Mfrs. Ass'n v. South Coast Air Quality Mgmt. Dist.*, 498 F.3d 1031, 1039 n.2 (9th Cir. 2007) (taking judicial notice of a municipal ordinance and stating that "[m]unicipal ordinances are proper subjects for judicial notice"). Likewise, judicial notice is proper of a City Council meeting's agenda as a public record whose accuracy is not in dispute. *Jonna Corp. v. City of Sunnyvale, CA*, Case No. 17-CV-00956-LHK, 2017 WL 2617983, at *4 (N.D. Cal. June 16, 2017) (taking judicial notice of city council minutes). Accordingly, all requests for judicial notice are GRANTED.

**B.**     <u>**Due Process**</u>

42 U.S.C. § 1983 creates a civil cause of action when any person, acting under color of state law, subjects another "to the deprivation any rights, privileges, or immunities secured by the Constitution and laws" of the United States. The Due Process Clause of the Fourteenth Amendment states that states shall not "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV § 1. Accordingly, "[a] § 1983 action may be brought for a violation of procedural due process." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). To state a § 1983 claim for denial of procedural due process, a plaintiff must allege (1) the deprivation of a constitutionally protected liberty or property interest; and (2) a denial of adequate procedural protections. *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998). Property interests "are created and the dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). To possess a property interest in a benefit, an individual must have "a legitimate claim of entitlement to it," not merely "an abstract need or desire for it." *Id*. Where a protected property interest exists, due process requires, at the very least, notice

of the proposed deprivation and an opportunity to respond. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985).

Defendant argues that Plaintiff had no property interest in his position as Fire Chief, as he was a probationary employee, and accordingly was not deprived of any due process when he was summarily discharged. ECF No. 4 at 5. The Personnel Rules contained in the City's Municipal Code specify that the appointments of safety employees, such as fire fighters, are subject to a probationary period of 12 months, during which the employee may be terminated without cause or hearing, according to Defendant, and Plaintiff was both a safety employee and terminated before completing that 12-month probationary period. *Id*. at 6-7. Plaintiff argues in opposition that, as Fire Chief, he was not subject to the personnel rules. ECF No. 6 at 4. Instead, Plaintiff contends, the City's Fire Code, which provides that a fire code official may not be removed from office except for cause and after a hearing, and which does not provide for a probationary period, was the applicable Municipal Code provision. *Id*. at 5-6.

California law pertaining to civil service employment "confers upon an individual who achieves the status of 'permanent employee' a property interest in the continuation of his employment which is protected by due process." *Skelly v. State Personnel Bd.*, 15 Cal. 3d 194, 206 (1975). The same regime has been determined to confer no property interest in the continued employment of employees who are not permanent. *Barthuli v. Bd. of Trs.*, 19 Cal. 3d 717, 723 (1977). "If under state law, employment is at-will, then the claimant has no property interest in the job." *Portland v. Cty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).

The City of California City's Municipal Code provides, in relevant part, that "[a]ppointments, including promotional appointments, of safety employees shall be for a probationary period of twelve (12) months. During the probationary period the employee may be rejected without cause or hearing." California City, Cal. Mun. Code § 2-4.202(a); ECF No. 4-1 at 7. "Safety personnel" are defined as "persons employed by the . . . fire department as . . . fire fighters." California City, Cal. Mun. Code §2-4.103(p); ECF No. 4-1 at 5. It is not clear from the definition provided whether the Fire Chief is

7

employed as a fire fighter. However, the Court need not make that determination, as the Municipal Code also provides that "[p]ersons holding the following offices or positions are at-will management employees and not subject to the Personnel Rules affecting other employees: . . . Fire Chief." California City, Cal. Mun. Code § 2-3.103(a). As a management employee, Plaintiff was exempt from the probationary period and was an at-will employee not entitled to the procedural protections of the Personnel Rules.

Plaintiff argues that this designation is not fatal to his claim because, as Fire Chief, his position was subject under the Municipal Code to other procedural protections. ECF No. 6 at 5-6. After Plaintiff was appointed Fire Chief, but before he was terminated, the City adopted the 2016 version of the California Fire Code published by the California Building Standards Commission. ECF No. 6 at 5; California City, Cal. Mun. Code § 4-1.101. The Fire Code establishes a department of fire prevention headed by a fire code official, who "shall not be removed from office except for cause and after full opportunity to be heard on specific and relevant charges by and before the appointing authority." Cal. Fire Code Div. II § 103.2; ECF No. 6-6 at 3. The Fire Code also specifies, however, that "[t]he provisions of this code shall not be deemed to nullify any provisions of local, state or federal law." Cal Fire Code Div. II § 102.11; ECF No. 6-6 at 3.

As the fire code official for the City, Plaintiff was entitled to procedural protections before termination under the Fire Code only if those protections did not "nullify" any other provision of the Municipal Code. To nullify means to "make void; to render invalid." *Nullify, Black's Law Dictionary* 1173 (9th ed. 2009). When employment is at-will, either party may end the employment without cause, for any reason or no reason at all, and at any time. *Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 335 (2000). If the procedural protections of the Fire Code were applied to Plaintiff, they would have the effect of transforming his at-will employment into one which may only be terminated for cause. This would have the effect of nullifying the statutory mandate that the City's Fire Chief be an at-will employee. Consequently, the Court concludes that the procedural protections in Fire Code § 103.2 cannot be

construed as applying to the position of Fire Chief.

Because his position was at-will and not subject to any hearing or other procedural protection in advance of termination, Plaintiff has not alleged facts indicating that he was deprived of any process due to him when the City Manager terminated his employment as the City's Fire Chief. Therefore, Defendant's motion to dismiss Plaintiff's second cause of action is GRANTED. Because it is plausible that Plaintiff could conceivably amend his complaint to allege that some other circumstances or agreement created a protected property interest and entitlement to due process, Plaintiff is granted leave to amend.

**C.**     **Firefighter's Bill of Rights**

The Firefighters Procedural Bill of Rights Act ("Firefighters Bill of Rights"), Cal. Gov. Code § 3250-3262, defines a firefighter as "any firefighter employed by a public agency." Cal. Gov. Code § 3251(a). The definition of firefighter also contains a limitation stating that "[t]his chapter does not apply to any employee who has not successfully completed the probationary period established by his or her employer as a condition of employment." *Id*. "Fire Chief" is not a term defined in the Firefighters Bill of Rights. The Firefighters Bill of Rights provides that "[p]unitive action . . . shall not be undertaken by any employing department or licensing or certifying agency against any firefighter who has successfully completed the probationary period without providing the firefighter with an opportunity for administrative appeal." Cal. Gov. Code § 3254(b). Additionally, a "fire chief shall not be removed by a public agency or appointing authority without providing that person with written notice, the reason or reasons for removal, and an opportunity for administrative appeal." Cal. Gov. Code. § 3254(c).

Defendant initially argues that Plaintiff cannot state a claim based on the procedural protections provided for in the Firefighters Bill of Rights because that section specifically states that it does not apply to any employee who has not completed their probationary period. ECF No. 4 at 8. Defendant's argument is unavailing. As previously discussed, as Fire Chief Plaintiff was an at-will management employee not subject to a probationary period. The limited application of the Firefighters Bill of Rights

9

to employees who had passed through their probationary period is not a bar to Plaintiff because no probationary period applied to his position. To interpret the statute as not applying to employees who are not subject to any probationary period would be illogical. For the foregoing reasons, Defendant's motion to dismiss Plaintiff's fourth cause of action is DENIED.

### **VI. CONCLUSION AND ORDER**

For the foregoing reasons, Defendant's motion to dismiss is GRANTED as to Plaintiff's second cause of action and DENIED as to the fourth cause of action. Plaintiff is granted leave to amend his complaint as to the second cause of action. Any amended complaint shall be filed within 30 days of the entry of this order, and this should be considered the last opportunity to amend.

IT IS SO ORDERED.

Dated: **July 20, 2018**           **/s/ Lawrence J. O'Neill**
                                    UNITED STATES CHIEF DISTRICT JUDGE