UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN VINCENT,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF CALIFORNIA CITY,<br><br>        Defendant. | Case No.: 1:18-CV-0549- JLT<br><br>ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND<br><br>(Doc. 16) |

      The plaintiff was terminated as the Fire Chief of the City of California City. He claims this termination violates procedural due process guarantees. Though he had no property interest in the position, he argues that he was entitled to due process nonetheless because he acted as the City's Fire Code Official. Because the Court finds that this duty does not entitle him to procedural protections before his termination, the motion to dismiss is **GRANTED WITHOUT LEAVE TO AMEND**.

**I.   BACKGROUND**

      The plaintiff alleges that he was hired as the Fire Chief for the City of California City. Doc. 15 at 3. Part of his duties required that he act as the City's Fire Code Official to enforce the California State Fire Code. Id. He was also tasked with working with the burgeoning marijuana industry in the city. Id. The plaintiff was pressured by city officials to grant permits to marijuana businesses and was offered bribes from some of the business owners. Id. Plaintiff reported the

1

pressure and attempted bribery to the City's human resources department, which did not document or investigate the reports. Id.

At a City Council meeting, the plaintiff presented a marijuana impact report that outlined fire and safety dangers associated with the marijuana industry. (Doc. 15 at 3) The report included recommendations for training, personnel, and additional resources. Id. Mayor Jennifer Wood and members of the council stated concerns that the recommendations would be too costly, and Public Works Director Craig Platt said that the plaintiff was going to kill the town. Id. After this, the plaintiff was subjected to threats, insults, and retaliation by city officials and marijuana business owners. Id. The Finance Director/Assistant City Manager, Jeannie O'Laughlin, repeatedly reminded the plaintiff that he was within his probationary period and that if he didn't "ease up" on the marijuana industry, he would lose his job. Id. at 3-4. On one occasion, O'Laughlin "aggressively berated" the plaintiff after he recommended that firefighters receive paramedic training. Id. at 4. Also, the plaintiff attempted to terminate a fire code enforcement officer who had conducted unauthorized searches using a restricted background search account, and initially was obstructed by O'Laughlin. Id.

The plaintiff reported this conduct to human resources, but it was not documented or investigated. Doc. 15 at 4. Plaintiff specifically told a human resources staff member and the mayor that he believed he was being treated unfairly, that the unfair treatment could be due to his race, and that many people believed a rumor that the mayor was having an affair with a police lieutenant and that this was impacting her decisions regarding city personnel. Id.

Six months after his hiring, the plaintiff received a performance evaluation that indicated he "exceeds expectations" in all categories. (Doc. 15 at 5) The plaintiff was praised for the performance of his team, but the evaluation emphasized his obligation to work cooperatively with the developing marijuana industry. Id.

The next month, Interim City Manager Robert Stockwell, emphasized to the plaintiff the need for the city to facilitate the operations of marijuana businesses and said that he did not believe that marijuana growing operations should be required to install sprinkler systems. (Doc. 15 at 5) Stockwell wanted the plaintiff to make it as easy as possible for marijuana businesses to operate in

2

1  the city. Id. at 5.

2  Soon thereafter, the plaintiff was asked by police to assist in a raid on an illegal marijuana growing operation. Doc. 15 at 6. Later that day, Stockwell fired the plaintiff without providing any explanation. Id. After this "the City" told people who inquired about the plaintiff's termination that "he had engaged in misconduct." Id. at 6, 7.

At issue in this motion is the plaintiff's second cause of action for violation of procedural due process in which he claims the firing was a violation of his liberty interests assured to him by the United States Constitution.

**II.    Legal Standard**

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the opposing party's pleadings. Dismissal of an action under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the pleading party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). The inquiry is generally limited to the allegations made in the complaint. Lazy Y Ranch LTD v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). To overcome a Rule 12(b)(6) challenge, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A plausible claim is one which provides more than "a sheer possibility that a defendant has acted unlawfully." Id. A claim which is possible, but which is not supported by enough facts to "nudge [it] across the line from conceivable to plausible . . . must

1 be dismissed." Twombly, 550 U.S. at 570.

2 A complaint facing a Rule 12(b)(6) challenge "does not need detailed factual allegations [but] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the element of a cause of action will not do." Id. at 555 (internal citations omitted). In essence, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Id. at 562. To the extent that any defect in the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend, unless the pleading "could not possibly be cured by the allegation of other facts. Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 247 (9th Cir. 1990).

**III.    Due process-liberty interest**

The plaintiff asserts that because he suffered defamation related to his firing and that this occurred at the hands of government officials, he was entitled to due process before his termination.

Defamation by a public official is actionable only if it deprives the victim of an additional right or interest protected by state law. Paul v. Davis, 424 U.S. 693, 701 (1976). In Manriquez v. City of Phoenix, 654 F. App'x 350, 352 (9th Cir. 2016), the Ninth Circuit held that the "stigma-plus" requires that "a plaintiff must either show that 'injury to reputation was inflicted in connection with a federally protected right' or that 'injury to reputation caused the denial of a federally protected right. Herb Hallman Chevrolet, Inc. v. Nash–Holmes, 169 F.3d 636, 645 (9th Cir. 1999). Damage to reputation alone is insufficient. Hart v. Parks, 450 F.3d 1059, 1069 (9th Cir. 2006)."

The plaintiff relies upon Hill v. Borough of Kutztown[1], 455 F.3d 225 (3d Cir. 2006) to

---

[1] The defense asserts that the Ninth Circuit has rejected the "stigma plus test" in favor of the "Occupational Liberty Test" and that this test allows a liberty-interest claim only when there has been extreme conduct equivalent to government blacklisting. (Doc. 19 at 4-5) The case cited for this proposition, Engquist v. Oregon Dep't of Agric., 478 F.3d 985, 997 (9th Cir. 2007), aff'd sub nom. Engquist v. Oregon Dep't of Agr., 553 U.S. 591 (2008), did not consider the "stigma plus" test. Indeed, as demonstrated above, the Ninth Circuit repeatedly has relied upon the stigma-plus test. Moreover, Engquist addressed a claim for a denial of *substantive* due process based upon an employee's occupational liberty interest and not a liberty interest claim asserting a right to *procedural* due process, as the plaintiff asserts here (Doc. 15 at 8)

4

support his argument that he was entitled to a hearing before he was removed as the Fire Official (Doc. 18 at 6). The Court disagrees that Hill provides him this protection. First, in Hill, the employee was defamed *before* his constructive discharge; indeed, the defamation was repeated and was one reason the employment conditions became intolerable. Mr. Vincent suffered defamation at some point *after* he was fired and, in fact, he alleges the defamation concerned the reasons why he was fired. Thus, the suggestion that he was entitled to a hearing related to his termination *before* his firing even though a purported liberty interest had not yet arisen, is not logically supported.

Second, even assuming that Hill would provide an employee who is defamed after he is fired, a "name-clearing" hearing or other due process, the plaintiff has not demonstrated he meets the "stigma-plus" test. Assuming the defamation has been adequately plead, Mr. Vincent has not demonstrated the "plus" part of the test. Chief District Judge Lawrence J. O'Neill determined previously,

> As the fire code official for the City, Plaintiff was entitled to procedural protections before termination under the Fire Code only if those protections did not "nullify" any other provision of the Municipal Code. To nullify means to "make void; to render invalid." Nullify, Black's Law Dictionary 1173 (9th ed. 2009). When employment is at-will, either party may end the employment without cause, for any reason or no reason at all, and at any time. Guz v. Bechtel Nat. Inc., 24 Cal. 4th 317, 335 (2000). If the procedural protections of the Fire Code were applied to Plaintiff, they would have the effect of transforming his at-will employment into one which may only be terminated for cause. This would have the effect of nullifying the statutory mandate that the City's Fire Chief be an at-will employee. Consequently, the Court concludes that the procedural protections in Fire Code § 103.2 cannot be construed as applying to the position of Fire Chief.
> Because his position was at-will and not subject to any hearing or other procedural protection in advance of termination, Plaintiff has not alleged facts indicating that he was deprived of any process due to him when the City Manager terminated his employment as the City's Fire Chief.

(Doc. 12 at 8-9) The Court agrees. The plaintiff's argument to avoid Chief Judge O'Neill's ruling is that he is not seeking the "full evidentiary hearing before the City Council" to which employees protected by the Municipal Code and Personnel Rules are entitled (Doc. 18 at 6). He asserts he is seeking only the procedures set forth in the fire code which include: "that the fire code official shall not be removed from office (1) except for cause and (2) after full opportunity to be heard on specific and relevant charges by and before the appointing authority." Id. The plaintiff fails to

explain how "a full opportunity to be heard by the City Council[2] is different from a "full evidentiary hearing before the City Council" and ignores that the fire code requires cause before the official can be removed.

In any event, as noted above, he would be entitled to theses protectionsas the Fire Official only to the extent that this provision does not "nullify" the Municipal Code. (Doc. 12 at 8-9) The Court agrees with Chief Judge O'Neill that because this provision of the Fire Code would convert the plaintiff's position from one that is at-will to one that may be terminated only for cause. If the Fire Code was enforced here, if enforced, it would nullify the Municipal Code. Consequently, the plaintiff cannot establish that the defamation was connected to a protected right or deprived him of a protected right. Thus, he lacks a protected liberty interest. Therefore, the Court **ORDERS**:

1. The motion to dismiss the second cause of action (Doc. 16) is **GRANTED without leave to amend.**

IT IS SO ORDERED.

Dated: __October 4, 2018__              _____/s/ Jennifer L. Thurston_____
                                        UNITED STATES MAGISTRATE JUDGE

---

[2] The City Council was the "appointing authority." (Doc. 15 at 3, 8-9)

6