# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN VINCENT,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF CALIFORNIA CITY,<br><br>    Defendant. | Case No.: 1:18-CV-0549- JLT<br><br>ORDER VACATING THE HEARING ON THE MOTION TO QUASH<br><br>(Doc. 16) |

As noted on the docket, the plaintiff filed a motion to quash subpoenas issued by the defense despite that the Court specifically ordered the parties to comply with Local Rule 251, which requires the filing of a <u>notice of motion</u>—not a motion—and a joint statement (Doc. 34). When the Court pointed this out (Doc. 34), the plaintiff created a document and merely cut-and-pasted the plaintiff's motion and the defense's opposition into one document (Doc. 35). Counsel made no attempt whatsoever to comply with the spirit of Local Rule 251 which, in essence, seeks to have the parties file one document in which each point is followed by a counterpoint. L.R. 251(c)(3). The purpose is to ensure each topic is addressed by both sides and to ease the review by the Court. Contrary to their assertion (Doc. 35 at 5), simply merging two independent documents into one, fails to comply with the Rule. If they feel they have complied with Local Rule 251—and

1

provided even a modicum of a point/counterpoint[1]—the Court must only presume that they have failed to read their opponent's papers.

The Court understands this flip response to the Court's order and the requirements of Local Rule 251, as an implicit agreement that counsel believe their positions are clear and there is no need for further comment. Thus, the Court **VACATES** the hearing on the motion to quash (Doc. 31).

**<u>Counsel should not be lulled by the Court's action here into believing that it will not issue sanctions should counsel again ignore the orders of the Court or pay mere lip service to them or the Local Rules.</u>**

IT IS SO ORDERED.

Dated: **March 29, 2019**      **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

---

[1] Indeed, in reviewing the papers, it appears counsel think they are confronting very different factual circumstances. It would have been helpful to the Court for counsel to attempt to harmonize the topics as they were supposed to do when formulating the joint statement.

2