# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN VINCENT,<br><br>        Plaintiff,<br><br>     v.<br><br>CITY OF CALIFORNIA CITY,<br><br>        Defendant. | Case No.: 1:18-CV-00549- JLT<br><br>ORDER DENYING MOTION TO QUASH SUBPOENAS<br><br>(Doc. 16) |

    Mr. Vincent objects to subpoenas issued by the City of California City to third parties and seeks to quash the subpoenas, despite that three of the subpoenaed parties have produced documents responsive to some request categories and objected to the remaining requests and two produced all responsive documents without noting any objections. (Doc. 33-1 at 4)

    Mr. Vincent claims that the subpoenas should be quashed and the City be precluded from using the information produced by the entities. The City claims that the motion is not timely and is moot.[1] For the reasons set forth below, the motion to quash is **DENIED**.

## I.    Background

    The City of California City terminated Mr. Vincent's employment as the Fire Chief. He

---

[1] The City indicates that it agreed during the meet-and-confer process, that it would pursue a new subpoena only as to one entity (Doc. 33 at 21-22) and persists in that position here. The Court accepts this as the City's concession that it will not seek to enforce the subpoenas as to the two entities that produced records only as to some of the categories of documents sought or as to the entity to whom it will issue a new subpoena.

1

claims his termination was because he refused to "look the other way" as to fire code violations committed by marijuana-growing businesses that were setting up in the City, which was an industry the City wished to encourage. He claims also that his termination was racially discriminatory.

In January 2019, the City issued subpoenas to various of Mr. Vincent's employers seeking information related to his performance on these jobs, conduct outside of work and complaints or wrongdoing in which he may have engaged while employed by these entities.[2] Through counsel, Mr. Vincent objected to the subpoenas[3] and notified each entity not to produce records. Nevertheless, each of the employers produced at least some of the records with objections and Meeks Bay Fire Protection District and the City of Tulare produced all responsive documents without objection. (Doc. 33-1 at 4)

The subpoenas at issue sought the same information:

REQUEST FOR PRODUCTION NO. 1:
Any and all DOCUMENTS and COMMUNICATIONS RELATED TO PLAINTIFF'S employment with YOU.

REQUEST FOR PRODUCTION NO. 2:
Any and all DOCUMENTS and COMMUNICATIONS RELATED TO any employment agreements YOU entered into with any PLAINTIFF.

REQUEST FOR PRODUCTION NO. 3:
Any and all DOCUMENTS and COMMUNICATIONS that evidence the salary and benefits that PLAINTIFF earned from YOU.

REQUEST FOR PRODUCTION NO. 4:
Any and all DOCUMENTS and COMMUNICATIONS RELATED TO any investigations performed by any PERSON regarding allegations of PLAINTIFF'S MISCONDUCT during his employment by YOU.

REQUEST FOR PRODUCTION NO. 5:
Any and all DOCUMENTS and COMMUNICATIONS RELATED TO any agreements entered into with any PERSON RELATED TO allegations of PLAINTIFF'S MISCONDUCT from January 1, 2007 to present.

REQUEST FOR PRODUCTION NO. 6:
Any and all DOCUMENTS and COMMUNICATIONS RELATED TO any ADVERSE

---

[2] The defense contends that the motion is moot for the reasons set forth in footnote 1. (Doc. 33 at 21-23) Seemingly, the plaintiff contends that all of the subpoenas are at issue despite that the defense has accepted the responses provided without seeking to compel further responses.

[3] Under Rule 45, a *party* who objects to production of documents must file a motion to quash; serving objections is insufficient. Schwarzer, Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial, ¶ 11:2291 (2005 rev.).

2

EMPLOYMENT ACTION taken by any PERSON towards PLAINTIFF from January 1, 2007 to present.

REQUEST FOR PRODUCTION NO. 7:
Any and all DOCUMENTS and COMMUNICATIONS RELATED TO PLAINTIFF'S separation of employment from YOU.

REQUEST FOR PRODUCTION NO. 8:
Any and all COMMUNICATIONS YOU have had with any PERSON regarding PLAINTIFF from January 1, 2005 to present.

Through the meet and confer process, the City agreed to withdraw request number 3 as to Meeks Bay, Hughson and Tulare and the plaintiff agreed to withdraw his objections to this request as to Mojave and Suisun.[4] (Doc. 33-1 at 69) The defense offered to withdraw requests 1, 2 and 8 and to substitute more detailed requests as to one of the entities, but Mr. Vincent objected to the amended requests and, it appears they were never served. Rather, it appears that the responses made by the remaining entities satisfied the City, and it sought to reissue a subpoena only to Hughson. (Doc. 33-1 at 92)

Mr. Vincent objects to requests 1, 2 and 8 because "they are overly broad, seek irrelevant information and production of the records requested by Defendant will constitute an unwarranted invasion of Plaintiffs constitutional right to privacy as they include confidential employment records." (Doc. 35 at 14) He objects to requests 4-7 because "they are overly broad, seek irrelevant information and production of the records requested by Defendant will constitute an unwarranted invasion of Plaintiffs constitutional right to privacy. These requests also seek inadmissible character evidence." Id. at 15. Finally, the plaintiff objects that the City failed to provide notice of the subpoenas before serving them on the third parties. Id. Mr. Vincent moves the Court to quash the subpoenas and/or to issue a protective order "to prohibit, modify, and/or limit the scope of documents requested in the subpoenas as the requested documents include Plaintiff's personnel records" (Id.), though he offers no discussion as to how the protective order should be crafted.

---

[4] Inexplicably, the plaintiff seems to think that Hughson Fire Protection District did not produce any documents (Doc. 31-6 at 2), though the City contends that Hughson *did* produce documents (Doc. 33-1 at 4). Because the joint statement was supposed to have fleshed out these types of factual disputes, the Court harmonizes these positions and concludes that Hughson produced documents after notifying the parties that it would not do so. If this is not true, the Court is at a loss to understand why the joint statement did not discuss this dispute.

## II. Rule 45

### A. Discovery under Rule 45[5]

The scope of discovery of a Rule 45 subpoena is the same as with a production request under Rule 34, which is guided by Rule 26. Federal Rules of Civil Procedure Rule 26(b)(1) reads,

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. **Information within this scope of discovery need not be admissible in evidence to be discoverable.**

(Emphasis added). Discovery is supposed to make trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent possible." United States v. Procter & Gamble, 356 U.S. 677, 683 (1958). "Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Relevance is interpreted broadly, based on the general principal that litigants have a right to 'every man's evidence' . . . and that wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth." *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993), quoting *United States v. Bryan*, 339 U.S. 323, 331 (1950) (internal citation omitted).

Once the party seeking discovery establishes that a request seeks relevant information, "[t]he party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Global Ampersand, LLC v. Crown Eng'g & Constr.,* 261 F.R.D. 495, 499 (E.D. Cal. 2009), quoting *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D 281, 283 (C.D. Cal. 1998). Thus, a party's right to relevant discovery is not limitless. For example, the Court "can limit discovery if it determines, among other things, that the discovery is: (1) unreasonably cumulative or duplicative; (2) obtainable from another source that is

---

[5] The plaintiff has cited to numerous state authorities. However, in cases in which the Court has federal question jurisdiction, "the federal law of privilege applies." Agster v. Maricopa Cty., 422 F.3d 836, 839 (9th Cir. 2005); Fed.R.Evid. 501.

more convenient, less burdensome, or less expensive[6]; or (3) the burden or expense of the proposed discovery outweighs its likely benefit." *See Favale v. Roman Catholic Diocese of Bridgeport*, 235 F.R.D. 553, 558 (D. Conn. 2006) (internal quotation marks omitted).

Rule 45 requires the Court to "quash or modify a subpoena that . . . requires disclosure of privileged . . . matter, if no exception or waiver applies; or . . . subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iii), (iv). Because the plaintiff seeks to quash the subpoenas and none of the subpoenaed third parties seek to do so and more important, because the third parties have already complied to the extent they will, the Court declines to consider the burden placed upon the third parties that compliance would require. The Court's position is bolstered further because the defendant has conceded that it will not seek enforcement of the subpoenas, which means it accepts as sufficient whatever production has been made by the third parties. Thus, to the extent that the plaintiff lodges objections beyond privacy, the motion is **DENIED**. As to the entity to which the City will issue another subpoena, the Court declines to offer an advisory opinion as to the proper breadth of that subpoena.

Rule 45 sets forth the duties of the party who received documents after being alerted to a claim of privilege. The Rule reads,

> After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

Because the third parties have produced documents, it appears to the Court that at issue here is only whether the City may use the documents produced by the entities.

**A.    Service of notice of the subpoenas**

Federal Rules of Civil Procedure 45(a)(4) reads, "If the subpoena commands the production of documents. . . then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Mr. Vincent complains that he did not

---

[6] The City contends that it requested information about prior employment from the plaintiff, but he refused to produce it. (Doc. 33 at 17, n. 2) In the joint statement, Mr. Vincent does not dispute the truth of this assertion.

*receive* notice of the subpoenas until January 19, 2019, despite that four of the subpoenas were served on the third parties before that day. (Doc. 31-1 at 1) The City provides proofs of service indicating that it served notices of the subpoenas to the plaintiff on January 15, 2019. (Doc. 33-1 at 19, 29, 39, 49, 59) The plaintiff ignores this evidence in the joint statement.

The argument that plaintiff's counsel failed to receive notice of the subpoenas before the City served them, misses the mark. As noted above, the City was obligated *only* to serve notice to them before it served them to the third parties; it was not obligated to ensure counsel received the notice before it effected service on the third parties. The uncontradicted evidence shows this occurred. Thus, the motion is **DENIED** on this basis.

**B.    Plaintiff's objections**

**A.    Right to privacy**

Federal courts recognize, in general, an evidentiary privilege based upon a constitutional right to privacy. To evaluate whether privacy interests should prevail over the interest in fully discovering a case, the Court must balance the party's need for the information against the individual's privacy rights. Thierno v. Rite Aid Corp., 2008 WL 3287035 (N.D.Cal.2008), citing Ragge v. MCA/Universal, 165 F.R.D. 601, 604 (C.D.Cal.1995).

The City argues that the discovery is relevant for several reasons. First, the City argues Mr. Vincent put his reputation at issue in the first amended complaint and claims damages to his reputation caused by the City's conduct. The Court agrees that he has done so. (Doc. 15 at 7, 8, 10, 11, 12, 13, 14.)

As noted by the City, Luck v. University of San Diego, 2014 WL 7111950, is informative. In Luck, the court considered whether discovery of the plaintiff's personnel records should be permitted where the plaintiff had claimed injury to reputation as an item of damage. Id. at 7. The court held, "USD is correct that Dr. Luck has placed his professional reputation and any damage to it at issue. Regardless of the outcome of USD's independent investigation into complaints against Dr. Luck, the fact remains that there were complaints about Dr. Luck lodged at USD. Therefore, a basis does exist for Defendant to review Dr. Luck's performance evaluations from former employers to assess the strength of his overall standing in the professional world for purposes of

USD's defense to the defamation cause of action and to calculate damages." Id.

Along these same lines, evidence of misconduct by Mr. Vincent, discipline imposed on him by other employers, performance appraisals or evidence of his reputation—good or bad—contained in his personnel files, clearly would bear on his reputational claims.

Second, the City asserts the discovery bears on Mr. Vincent's credibility and the evidence may be impeaching. The City claims that because this case may boil down to a credibility contest between Mr. Vincent and Mr. Stockwell, whether Mr. Vincent can be believed is important matter for discovery. For discovery to be permitted on this basis, it must bear on the believability of the plaintiff or be otherwise impeaching. Fed. R. Evid. 608. The degree to which the impeaching matter is collateral to the issues raised in the litigation, however, is important to the determination of whether the privacy interest should be invaded. The Court agrees that if Mr. Vincent committed misconduct that this *could* bear on his credibility. Thus, the categories set forth in the subpoenas are not clearly irrelevant.

Third, the City claims that if Mr. Vincent has made similar claims against other employers, this evidence would be relevant and would be an exception to the usual prohibition on character evidence. The plaintiff argues that character evidence in general, is not admissible and, though correct, he does not address the City's argument that character evidence is admissible in certain circumstances. Fed.R.Evid. 404(b). In addition, the test for whether discovery may occur is not whether the evidence sought can be admitted ultimately. Fed.R.Civ.P.26(b)(1). Thus, the Court agrees that the City this evidence is relevant to the litigation.

Finally, the City contends the evidence relates to reasons why Mr. Stockwell fired the plaintiff. The City claims that part of the reason Mr. Stockwell fired Mr. Vincent was due to a "loud, public confrontation" that occurred between the plaintiff and another person, Josh Miester, in which they "openly discussed Plaintiff's past affairs at his prior employers and present affairs." (Doc. 35 at 30-31) The Court notes that the excerpts of Mr. Stockwell's deposition indicate that this event was one of the reasons for the firing. (Doc. 31-9 at 4, "You mentioned the confrontation with the [sic] Meisters" [as a reason for the firing].) Thus, the City asserts that it is entitled to discover this issue. The Court agrees only in part.

The Court has little information as to how the confrontation between Mr. Vincent and Mr. Meisters bore on Mr. Stockwell's decision to fire the plaintiff.[7] From the excerpts of Mr. Stockwell's deposition provided, it appears that Mr. Stockwell was concerned about the confrontation, but it does not indicate why he was concerned. On the other hand, the Court is uncertain how discovery from other employers will shed light on the firing decision. If the City is concerned that the plaintiff is a philanderer, there is no showing how this would bear on his credibility. If the City is concerned that the confrontation, which was loud, disrupted the business of the City, there is no showing how the plaintiff's character for loud confrontation is relevant to the litigation. If the City wishes to investigate whether Mr. Vincent lied about discipline he received while employed previously, this *could be* discoverable, but the City was obligated to demonstrate the relevance of the discovery, the Court's ruminations notwithstanding. Thus, the Court does not find that this justifies the issuance of the subpoenas, but this is of no moment because the Court finds the information sought was relevant on the prior grounds discussed.

The Court notes that except for the response by Suisun[8], the parties have not provided the Court the documents produced by any of the other subpoenaed entities. The plaintiff seems to contend that *merely* because documents are contained in a personnel file, by definition, they all implicate the right to privacy. In doing so, he identifies no document or category of document that he contends should not be produced and, instead, takes the position that every piece of information sought is private. Even if this were correct, he fails to consider that privacy interests are not all weighted the same. In general, a mental health condition would probably receive greater privacy protection, though misconduct or "same acts" evidence receive a relatively lesser protection. Thus, the factual circumstances of this litigation bear of the degree of protection that any piece of private information would receive and the showing required before the protection could be invaded. Because of his one-size-fits-all approach and his failure to provide copies of the

---

[7] A description of the event was provided by the City (Doc. 33-1 at 186-187), but it is not signed or sworn and, even if it were, it does not explain how it bore on the termination decision.

[8] Because the plaintiff withdrew the objections to the subpoena related to his salary and benefits received after he was terminated by the City and because he does not claim that the records produced (Doc. 31-5) should not have been produced, the motion related to Suisan City is **DENIED** as **MOOT**.

documents produced by the entities or to individually analyze the documents at issue, the plaintiff seems to ask that the Court unnecessarily to consider these issues in a vacuum.

In any event, the Court disagrees that every piece of information in a personnel file is entitled to such a degree of privacy protection that it should not be produced. Because the entities have produced all of the documents they intend to produce and because the City has accepted these responses without challenge—except as to one entity to which it will issue a new subpoena—the Court finds the plaintiff has not met his burden of persuasion that the subpoenas should be quashed.

**ORDER**

Because the City has demonstrated that the subpoenas sought relevant information and the plaintiff has not persuaded the Court that there exists a weighty privacy interest involved, the motion to quash the subpoenas or to issue a protective order is **DENIED**.

IT IS SO ORDERED.

Dated: **April 12, 2019**             **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE